324 F.2d 620
 UNITED STATES of America
v.
Norman ROTHMAN, Stuart Sutor, Victor Carlucci, Daniel Hanna,
Joseph Merola andJoseph Giordano, Stuart Sutor, Appellant.
UNITED STATES of America
v.
Stuart SUTOR, Appellant.
 Nos. 14240, 14241.
 United States Court of Appeals Third Circuit.
 Submitted Sept. 19, 1963.
Decided Oct. 18, 1963.
 
 Gustave Diamond, U.S. Atty., W. Wendell Stanton, Asst. U.S. Atty., Western Dist. of Pennsylvania, Pittsburgh, Pa., for appellee.
 Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 On July 27, 1962 appellant filed a motion in the United States District Court for the Western District of Pennsylvania under 2, U.S.C.A. 2255, seeking to vacate the sentence imposed on him by that court, February 4, 1960. With five other defendants, he had been indicted and convicted of substantive crimes and conspiracy in connection with the possession, receiving, transportation and exportation of firearms stolen from the Government of the United States. In affirming that conviction, 3 Cir., 288 F.2d 691, 692, this court said, 'Our review of the evidence as to the appellants Carlucci, Merola, Rothman and Sutor convinces us that there was at the very least, substantial evidence to support the jury verdict.'
 
 
 2
 Appellant now contends in this proceeding, brought almost two and a half years after his conviction, that he was denied effective assistance of his lawyers throughout the criminal case including preliminary matters, the trial, and following the trial in the 'Failure to obtain a new trial for * * * (him) in the matter of the jurors exposure to newspaper accounts of the trial.' Appellant also alleges that 'The Lower Court did, by action and inaction, deprive appellant of due process of law.'
 
 
 3
 Appellant complains of pretrial matters, principally a motion to suppress evidence, the transfer of venue from the Northern District of West Virginia to the Western District of Pennsylvania and a motion to consolidate. He objects to the conduct of the trial by the defense attorneys. His main charge is that his attorneys would not permit him to testify either in connection with preliminary motions or at the trial. He states that the defense attorneys who represented all the defendants were engaged by or on behalf of defendant Carlucci which was to his detriment.
 
 
 4
 The motion to suppress evidence was made on his behalf. He claims at this time that he should have testified in that proceeding. There is nothing in what he says or what the record reveals that gives the slightest suggestion that the motion was not handled for him in good faith, competently and with his approval. The motion for transfer was his motion and was allowed. He asserts here that this gave Carlucci control of the trial, particularly that he was not allowed by the defense attorneys to testify. The application to transfer would seem to have had some basis at least in an effort to obtain a trial in the area where most of the defendants resided. Sutor was from Florida. The motion to consolidate the indictments for trial was by the Government. It was not opposed by the defense. Appellant never indicated other than approval of that course until this action.
 
 
 5
 Appellant contends that at the trial he wished to be a witness and to have other witnesses testify in his behalf. He states in his brief that he attempted to open the question of adequate representation; that he was reprimanded by counsel in the first instance and in the second instance was severely reprimanded by both counsel and the court. The trial was a long one, it took almost a month. In the entire record there is nothing evidencing appellant's dissatisfaction with his attorneys, no suggestion, oral or in writing, directly or indirectly by him to the court of this or request for an assigned attorney. Completely bearing out the pretrial and trial attitude of appellant was his conduct at sentencing. On that occasion, after all the defendants had been found guilty, Sutor was directly before the trial judge who told him that in accordance with the verdict of the jury he adjudged him guilty of the offense set forth in Count 7 of the indictment, etc. (explaining the count) and asked him, 'Have you anything to say why judgment of this court should not be pronounced against you according to law?'
 
 
 6
 Sutor answered, 'I have nothing to say at this time.'
 
 Following that his attorney said:
 
 7
 'Mr. Sutor has no prior arrests, let alone any prior conviction. I think the testimony in the case is obvious, as far as this man's position is concerned with respect to (inaudible). I think under the circumstances, a married man with two infant children to care for, an the fact that he has no bad past record, we ask the court's mercy. That is all.'
 
 
 8
 The court again addressed appellant saying:
 
 
 9
 'You are entitled to make a statement, Mr. Sutor. Would you like to make a statement.'
 
 
 10
 Sutor answered, 'No, sir, I have nothing to say just now.'
 
 
 11
 Later, in the same session the court for the third time spoke to Sutor directly, saying:
 
 
 12
 'I don't know whether I asked Mr. Sutor if he had anything to say on these other counts. I want to give you an opportunity. Do you want to make any statement in regard to any of these other counts?'
 
 
 13
 Sutor answered, 'No, sir, I have nothing to say.'
 
 
 14
 One other point should be alluded to specifically. Appellant suggests that the alleged exposure of the jury to derogatory remarks in the newspapers is also a case of counsel not guarding appellant's rights. That very question was a major thesis on behalf of this appellant and the other defendants in their appeal to this court. It was most competently and affirmatively presented by skilled counsel acting for Sutor and the others.
 
 
 15
 The trial judge exhaustively examined all of appellant's arguments in this proceeding. He found:
 
 
 16
 'No facts are alleged, which if accepted as true, would establish any absence or lack of effective assistance of counsel throughout the trial of this case in behalf of defendant Sutor.
 
 
 17
 'It was throughout the trial, and is now, the opinion of this Court that all of the defendants, including Sutor, were diligently and skillfully represented by able and conscientious counsel. Nothing appeared during the trial that caused the Court to entertain the slightest suspicion that any of the defendants received preferential treatment from defense counsel or that the interests of any of them were sacrificed by defense counsel for the benefit of another or other defendants.'
 
 He held:
 
 18
 'It is the opinion of this Court that throughout the trial defendant Sutor acquiesced in defense counsels' defense of him. What was said by Circuit Judge Maris, of this Circuit, in United States v. Handy, (3 Cir.,) 203 F.2d 407, beginning at page 426, strongly applies to Sutor's alleged grievance as to inadequacy of representation: "A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel."
 
 
 19
 We realize of course that the issues attempted by appellant are not rightfully within the authority of Section 2255, Title 28 U.S.C.A., that they are trial and appeal questions. However, because of our familiarity with the record in this litigation we thought it well to spell out at some length the actual trial and appellate situation. The trial court did have the solemn duty, inter alia, of protecting this defendant's rights and did so in accordance with the letter and spirit of that high obligation. We find no reversible error in this case from its record inception to its present posture.
 
 
 20
 The judgment of the district court will be affirmed.